UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

MOHAMMAD MANUWAR KHAN,
et al.

        Petitioners,

v.                              **MEMORANDUM OF LAW & ORDER**
                                  Civil File No. 06-1560 (MJD/RLE)

DENISE FRAZIER, District Director
U.S. Citizenship and Immigration
Services; and ROBERT MUELLER,
Director, Federal Bureau of
Investigation;

        Respondents.

_____

Leslie Karam, Karam & Associates, PA, Counsel for Petitioners.

Robyn A. Millenacker, Assistant United States Attorney, Counsel for Respondents.
_____

## I. INTRODUCTION

This matter is before the Court on Petitioners' Motion for Writ of Mandamus [Docket No. 1] and Respondents' Motion to Remand or Alternatively to Dismiss [Docket No. 8]. The Court heard oral argument on January 3, 2007.

## II. FACTUAL BACKGROUND

### A. Introduction

On April 25, 2006, eight Petitioners filed a Motion for Writ of Mandamus to

1

compel Respondents, Denise Frazier, District Director of U.S. Citizenship and Immigration Services, and Robert Mueller, Director of the Federal Bureau of Investigation, to complete their security checks and adjudicate their naturalization applications.  [Docket No. 1]  The eight Petitioners are Chaouki Ahmad Khamis, Viktor Cernatinskij, Mohammed Essa, YouGui Zhou, Hashi Mohamed Abdi, Mohammed Asim Malik, Zoheir Kassim Madani, and Mohammad Manuwar Khan.

The claims of Petitioners Khamis, Cernatinskij, Essa, Zhou, and Malik are now moot because they have been naturalized as United States citizens.

**B.     Khan**

Petitioner Khan was born in Pakistan on September 1, 1959.  He became a legal permanent resident ("LPR") on August 24, 2000.  He filed his Application for Naturalization on June 10, 2003.  On December 15, 2003, he appeared for examination regarding his application.  On June 17, 2003,  the Office of United States Citizenship and Immigration Services ("USCIS") requested that the FBI conduct a name check on Khan.  On May 3, 2006, USCIS asked the FBI to expedite its processing of the name check.

Khan's name check was completed on May 16, 2006.  USCIS received a response from the FBI name check with hits or matches: negative information on Khan's name that requires further investigation.  USCIS cannot adjudicate his request for naturalization until all issues arising from Khan's background check

have been cleared.

**C.     Abdi**

Petitioner Abdi was born on January 1, 1971, in Mogadishu, Somalia.  He entered the United States as a refugee on November 29, 1993, and became an LPR on February 8, 1995.  On May 1, 2000, Abdi filed an Application for Naturalization.  He was interviewed on December 19, 2000.  His application was denied on January 23, 2002, on the grounds that he procured admission into the United States as a refugee by misrepresentation.  On February 21, 2002, Abdi filed a Request for a Hearing on a Decision in Naturalization Proceedings.  On May 24, 2004, Abdi appeared for examination.

On approximately July 7, 2004, USCIS requested that the FBI conduct a name check on Abdi.  On May 3, 2006, USCIS requested that the FBI expedite its processing of the name check.  A request to expedite is the only action that USCIS can take to seek to expedite the FBI check.  USCIS has not yet received a result on Abdi's FBI name check, and his name check is the only one remaining incomplete out of all Petitioners.

**D.     Madani**

Petitioner Madani was born in Lebanon on August 8, 1953.  He became an LPR on December 26, 1998.  Madani filed his first Application for Naturalization on March 30, 2004.  On October 18, 2004, he appeared for an interview.  In

November 2004, Madani's application was denied because he failed to be physically present in the United States for at least half of the five-year period immediately preceding March 30, 2004.  The denial was without prejudice to Madani filing a new application in the future.

On December 22, 2004, Madani filed another Application for Naturalization and was interviewed on May 12, 2005.  On January 10, 2005, USCIS requested that the FBI conduct a name check on Madani.  On May 3, 2006, USCIS asked the FBI to expedite its processing of the name check.

Madani's name check was completed on August 30, 2006.  USCIS has now received a response with negative information on Madani's name that requires further inquiry.

### E.   Current Motion

Respondents now move for the Court to remand this matter to USCIS for adjudication or, alternatively, to dismiss this action for failure to state a claim upon which relief may be granted.  Petitioners do not oppose remand to USCIS, so long as the Court instructs USCIS that the applications must be completed within a defined period of time, preferably thirty days.

## III.   DISCUSSION

### A.   Naturalization Procedure

An individual who wishes to become a U.S. citizen can petition to become a

naturalized citizen.  The Attorney General has "[t]he sole authority to naturalize persons as citizens of the United States."  8 U.S.C. § 1421(a).

The first step in the naturalization process is the applicant's initial application to USCIS through the filing of a Form N-400, Application for Naturalization.  8 U.S.C. § 1445(a); 8 C.F.R. §§ 334.2, 316.4.  USCIS then conducts a background investigation of the applicant.  8 U.S.C. § 1446(a); 8 C.F.R. § 335.1.  At a minimum, the background investigation includes a review of "all pertinent records, police department checks, and a neighborhood investigation in the vicinities where the applicant has resided and has been employed, or engaged in business, for at least the five years immediately preceding the filing of the application."  8 C.F.R. § 335.1.  USCIS relies on four background check mechanisms: its own Department of Homeland Security records, the Interagency Border Inspection System ("IBIS") name check, the FBI fingerprint check, and the FBI name check.

IBIS contains records from more than twenty federal law enforcement and intelligence agencies.  FBI fingerprint checks provide information on criminal history, such as arrests and convictions.

FBI name checks search multiple FBI databases to determine whether the FBI has encountered the applicant in any investigation.  Seventy percent of the time, no match is found and the result is available within forty-eight hours.

Approximately twenty percent of the requests are then resolved within two months. For the remaining ten percent, the FBI records must be retrieved and reviewed. When a match has been identified, it must be resolved before USCIS can make a favorable decision on the application.

USCIS policy requires that fingerprint clearance and security and background checks be completed before granting a naturalization application in order to confirm that the applicant has not been convicted of any disqualifying crimes and that there are no security issues. Essa v. U.S. Citizenship & Immigration Servs., No. CIV051449 (DSD/JJG), 2005 WL 3440827, at *2 (D. Minn. Dec. 14, 2005) (unpublished) ("Since 1997, Congress has required that a complete FBI criminal background investigation be conducted on each applicant for citizenship.") (citation omitted).

After all background checks are concluded, the applicant is interviewed by an examiner who is authorized to grant or deny the application. 8 U.S.C. § 1446(d); 8 C.F.R. § 335.3. Occasionally, as it did in Petitioners' case, USCIS will conduct the examination before completion of the background checks, in order to expedite the application process; however, after May 28, 2002, no naturalization ceremony has been permitted until the applicant's IBIS background check is complete. Since Spring 2006, USCIS no longer interviews applicants for naturalization until the background checks have been cleared.

If the naturalization application is granted, the applicant moves to the final stage: the citizenship oath ceremony.  If the application is denied, the applicant may request an administrative hearing before a senior immigration examiner.  8 U.S.C. § 1447(a); 8 C.F.R. § 336.2.  That hearing must be conducted no later than 180 days from the date the appeal is filed.  8 C.F.R. § 336.2(a).  If the examiner upholds the denial, the applicant may seek a de novo review in federal district court.  8 U.S.C. § 1421(c).

### B. Propriety of Remand to USCIS

Generally, a naturalization applicant must exhaust administrative remedies before seeking judicial review.  However, if USCIS fails to render a decision within 120 days after the date on which the examination is conducted under § 1446, the applicant may seek immediate judicial review.  8 U.S.C. § 1447(b).  The district court "may either determine the matter or remand the matter, with appropriate instructions, to [USCIS] to determine the matter."  Id.

USCIS lacks authority to act on the naturalization applications of Khan, Madani, or Abdi because their mandatory background checks remain pending.  Similarly, this Court cannot decide Petitioners' naturalization applications until their background checks are complete.  Essa v. U.S. Citizenship & Immigration Servs., No. CIV051449 (DSD/JJG), 2005 WL 3440827, at *2 (D. Minn. Dec. 14, 2005) (unpublished) ("The court, however, finds itself unable to adjudicate either

application for the very reason CIS has been precluded from making a final decision-the FBI background check has not been completed."). As the Essa court noted, USCIS placed itself in this "procedural predicament" by failing to complete the background checks before notifying Petitioners to appear for their initial examinations. Id.

Remand is the appropriate action in this case. Remand will permit USCIS to make a final determination on Petitioners' naturalization applications after all background checks have been completed. See I.N.S. v. Aguirre-Aguirre, 526 U.S. 415, 425 (1999) (noting that "judicial deference to the Executive Branch is especially appropriate in the immigration context").

### C.     Appropriate Instructions to USCIS

Respondents ask that the Court remand this matter to USCIS with instructions to complete the administrative process and make a final determination after all background checks have been completed. They ask that the Court impose no time limit on USCIS's actions. Petitioners, on the other hand, ask that the Court order USCIS to resolve their applications quickly, preferably within thirty days.

Respondents argue that the extensive background check delays are caused by the large number of cases USCIS handles each year. As of October 2006, there were 4,905 cases in which USCIS had requested full investigations of

naturalization applicants by other agencies after hits or matches were discovered and was still awaiting the results of the investigations. There were also 130,091 cases in which USCIS had interviewed the applicants but was still awaiting the final results of the FBI's name check.

Respondents offer a number of explanations for the extensive delays in this case. The USCIS workload has increased because, since May 2002, background checks, including IBIS checks, have been required of all immigration applications, including naturalization applications. Also, as previously noted, after May 28, 2002, no naturalization ceremony could occur for an applicant until his or her IBIS background check was complete. Finally, effective March 1, 2003, the Immigration and Naturalization Service ("INS") ceased to exist, and the function of adjudicating naturalization was transferred to the newly created USCIS. 6 U.S.C. §§ 271(b)(2), (3).

USCIS has an important duty to thoroughly investigate all naturalization applicants. The Court acknowledges that USCIS's burden has increased. See Alkenani v. Barrows, 356 F. Supp. 2d 652, 657 (N.D. Tex. 2005) ("Unfortunately, delays of this nature [fifteen months] are inevitable and becoming more frequent in light of heightened security concerns in the post-911 world."). The Court also recognizes that USCIS cannot give an applicant "priority over background checks requested by other agencies." Id.

9

However, USCIS still has "a non-discretionary duty to process the application within a reasonable time." Id. at 656 (citations omitted).  At some point, USCIS's delay becomes unreasonable.  The Court is sympathetic to the large number of background checks facing the FBI and USCIS, but these Petitioners have been awaiting results for years.  Khan's naturalization application has been pending three-and-one-half years.  Madani's application has been pending two years.  Abdi's application has been pending for six years, and his name check has been pending two-and-one-half years.

Due to the extensive delays in Plaintiffs' cases, an instruction to USCIS including a time limit for adjudication is appropriate.  Given the heavy workload facing the FBI and USCIS, Court concludes that an appropriate time limit is expressed in months, rather than in days.  The Court concludes that, in light of the fact that Khan's and Madani's initial background checks have been completed since May 2006 and August 2006 respectively, and only the follow-up investigation remains, a six-month time limit is appropriate.  A nine-month time limit is appropriate for Abdi's application so that USCIS can receive the completed background check and conduct any necessary follow up.

According, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Respondents' Motion to Remand or Alternatively to Dismiss [Docket No. 8] is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.    Pursuant to 8 U.S.C. § 1447(b), Mohammad Manuwar Khan's request for adjudication of his Application for Naturalization is **REMANDED** to the United States Citizenship and Immigration Services with instructions that USCIS issue a determination on Khan's naturalization application within six months of the date of this Order.

    b.    Pursuant to 8 U.S.C. § 1447(b), Zoheir Kassim Madani's request for adjudication of his Application for Naturalization is **REMANDED** to the United States Citizenship and Immigration Services with instructions that USCIS issue a determination on Madani's naturalization application within six months of the date of this Order.

    c.    Pursuant to 8 U.S.C. § 1447(b), Hashi Mohamed Abdi's request for adjudication of his Application for Naturalization is **REMANDED** to the United States Citizenship and Immigration Services with instructions that USCIS issue a determination on Abdi's naturalization application within nine months of the date of this Order.

2.    Respondents are ordered to show cause to this Court for any failure to comply with the substance of the Court's Order and to do so within 30 days of the expiration of the six-month and nine-month deadlines set forth herein.

3.    The following Petitioners are **DISMISSED** from this case because their claims are now moot: Chaouki Ahmad Khamis, Viktor Cernatinskij, Mohammed Essa, YouGui Zhou, and Mohammed Asim Malik.

4.    The remaining Petitioners' Motion for Writ of Mandamus [Docket No. 1] is stayed during the pendency of USCIS's compliance with the substance of the Court's Order.

Dated: January 28, 2007                          s / Michael J. Davis
                                                                                 Judge Michael J. Davis
                                                                                 United States District Court